# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: SHARON L. ZIMMER

SHARON L. ZIMMER

Applicant

Case No. V2003-40186

Commissioners:
Gregory P. Barwell, Presiding
Elizabeth Luper Schuster
Randi M. Ostry

ORDER OF A THREE-COMMISSIONER PANEL

{¶ 1} On August 1, 2003, a panel of commissioners issued an opinion determining that 80 percent of the settlement the applicant received as the result of the criminally injurious conduct of June 18, 2001, should be apportioned for non-economic loss and the remaining 20 percent was a collateral source. Accordingly, the applicant was granted an award of reparations in the amount of $2,815.64. Furthermore, the gymnasium expenses at Bally's Total Fitness that the applicant incurred qualified as allowable expense under the statute.

{¶ 2} On September 3, 2003, the Attorney General rendered an amended finding of fact and decision which granted the applicant an additional award of reparations in the amount of $1,699.74 for expenses the applicant incurred at Bally's Total Fitness. On July 19, 2004, the Attorney General issued a finding of fact and decision based on a January 20, 2004 supplemental compensation application filed by the applicant. The Attorney General granted the applicant an award in the amount of $188.56.

{¶ 3} On June 3, 2009, the applicant filed a supplemental compensation application. On August 24, 2009, the Attorney General issued a finding of fact and decision based upon the supplemental filing denying the applicant's request for

reimbursement of expenses incurred at Bally's Total Fitness, due to the lack of medical documentation connecting the fitness expenses to the injuries the applicant sustained at the time of the criminally injurious conduct - June 18, 2001. On September 23, 2009, the applicant submitted a request for reconsideration. On December 22, 2009, the Attorney General rendered a Final Decision finding the applicant incurred an unreimbursed dental expense in the amount of $33.20. However, this amount could not be paid pursuant to R.C. 2743.191(B)(1), which allows only payment of awards which meet or exceed $50.00. The Attorney General found no reason to modify its decision concerning the Bally's Total Fitness expenses. On December 28, 2009, the applicant filed a notice of appeal from the December 22, 2009 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on April 21, 2010 at 10:40 A.M.

{¶ 4} The applicant's attorney Michael Falleur appeared via telephone while Assistant Attorney General Amy O'Grady appeared on behalf of the state of Ohio. The parties revealed that they had reached an agreement on the only issue in dispute, the payment of the Bally's Total Fitness expense.

{¶ 5} The Attorney General provided the panel with State's Exhibit A, a detailed expense exhibit and State's Exhibit B, medical records from Fair Oaks Orthopedics. The Attorney General asserted that this additional medical information, coupled with a prescription for water therapy, constitutes sufficient documentation to prove that the expenses incurred at Bally's Total Fitness were related, by a reasonable degree of medical certainty, to the injuries the applicant sustained from the criminally injurious conduct of June 18, 2001. Therefore, the Attorney General recommended an award in the amount of $643.95 for water therapy at Bally's Total Fitness, and $33.20 for dental expenses incurred be awarded to the applicant. The total award equals $677.15. The applicant expressed no objection to the Attorney General's recommendation. Whereupon, the hearing was concluded.

{¶ 6} From review of the file and with full and careful consideration given to the agreement of the parties presented at the hearing, we find the applicant has incurred additional allowable expense in the amount of $677.15.  Therefore, the December 22, 2009, decision of the Attorney General is affirmed in part and reversed in part.

IT IS THEREFORE ORDERED THAT

{¶ 7} 1)      State's Exhibits A and B are admitted into evidence;

{¶ 8} 2)      The December 22, 2009 decision of the Attorney General is AFFIRMED with respect to the dental expense incurred by the applicant and REVERSED in part with

respect to the payment of the expense incurred at Bally's Total Fitness;

{¶ 9} 3)      This claim is remanded to the Attorney General for payment of the award in the amount of $677.15;

{¶ 10} 4)      The applicant's April 20, 2010 motion for telephone testimony is hereby GRANTED;

{¶ 11} 5)      This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶ 12} 6)      Costs are assumed by the court of claims victims of crime fund.


_____
GREGORY P. BARWELL
Presiding Commissioner


_____
RANDI M. OSTRY
Commissioner

_____
ELIZABETH LUPER SCHUSTER
Commissioner

ID #I:\VICTIMS\2003\40186\5-17-10 panel decision.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Montgomery County Prosecuting Attorney and to:

Filed 6-17-2010
Jr. Vol. 2275, Pgs. 160-163
To S.C. Reporter 8-20-2010