[Cite as *In re Simpson*, 2011-Ohio-4355.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
~~www.cco.state.oh.us~~

IN RE: DARNELL A. SIMPSON

DARNELL A. SIMPSON

MILLICENT SIMPSON

      Applicants


Case No. V2010-50825

Commissioners:
Susan G. Sheridan, Presiding
Karl C. Kerschner
Randi M. Ostry

ORDER OF A THREE
COMMISSIONER PANEL

---

{1}On June 30, 2010, the applicant, Millicent Simpson, filed a compensation application on behalf of her son, Darnell Simpson, as the result of a felonious assault which occurred on March 18, 2010. On August 30, 2010, the Attorney General issued a finding of fact and decision finding Darnell Simpson met the jurisdictional requirements necessary to receive an award of reparations, however, pursuant to R.C. 2743.191(B) he did not incur economic loss equal to or exceeding $50.00. Darnell's loss amounted to $49.97. On September 29, 2010, the applicant submitted a request for reconsideration. On September 30, 2010, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On October 8, 2010, the applicant filed a notice of appeal from the September 30, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on January 5, 2011 at 10:25 A.M.

{2}Assistant Attorney General Melissa Montgomery appeared on behalf of the state of Ohio. The applicant did not attend the hearing.

{3}The Attorney General offered a brief statement for the panel's consideration. The Attorney General stated that Darnell Simpson qualified as a victim of criminally injurious conduct, however, due to the fact that all medical expenses incurred were covered by Medicaid, a readily available collateral source, no award could be granted. The applicant did incur mileage expense in the amount of $49.97 to attend a court hearing. R.C. 2743.191 provides that only awards for $50.00 or more are payable under the program. Accordingly, the Attorney General asserted the applicant's claim should be denied, but the applicant should be given the opportunity to file a supplemental compensation application if additional economic loss is incurred in the future. Whereupon the hearing was concluded.

{4}R.C. 2743.191(B)(1) states:

"(B) In making an award of reparations, the attorney general shall render the award against the state. The award shall be accomplished only through the following procedure, and the following procedure may be enforced by writ of mandamus directed to the appropriate official:

"(1) The attorney general shall provide for payment of the claimant or providers in the amount of the award only if the amount of the award is fifty dollars or more."

{5}From review of the case file and with full and careful consideration given to the statement of the Attorney General, we find the applicant's claim should be denied pursuant to R.C. 2743.191(B)(1), since the economic loss incurred does not equal or exceed $50.00. Accordingly, the Attorney General's September 30, 2010 decision is affirmed.

IT IS THEREFORE ORDERED THAT

{6}1) The September 30, 2010 decision of the Attorney General is AFFIRMED;

{7}2) The claim is DENIED and judgment is rendered for the state of Ohio;

{8}3) This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{9}4) Costs are assumed by the court of claims victims of crime fund.

_____
SUSAN G. SHERIDAN
Presiding Commissioner


_____
KARL C. KERSCHNER
Commissioner


_____
RANDI M. OSTRY
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\March 2011\V2010-50825 Simpson.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to: