[Cite as *In re Corrado*, 2012-Ohio-4849.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center

65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IN RE: MICHAEL CORRADO

BARBARA BIESZKI

BENJAMIN BIESZKI

PATRICIA BIESZKI

RICHARD BIESZKI

STEVEN BIESZKI

       Applicants

Case No. V2012-70041

Commissioners:
E. Joel Wesp, Presiding
Susan G. Sheridan
Necol Russell-Washington

ORDER OF A THREE-COMMISSIONER PANEL

{¶1} On November 19, 2009, the Attorney General issued a finding of fact and decision determining that decedent Michael Corrado was a victim of criminally injurious conduct and the applicants met the jurisdictional requirements necessary to receive an award of reparations. The applicants were granted an award which totaled $9,470.15, apportioned as follows: Wujek Calcaterra & Sons, Inc., funeral home, $7,500.00; Patricia Bieszki $500.00; Richard Bieszki $500.00; Steven Bieszki $500.00; and Benjamin Bieszki $470.15. The awards for Patricia, Richard, Steven, and Benjamin Bieszki were for reimbursement of travel expenses to attend the criminal proceedings.

{¶2} On December 19, 2011, the applicants filed a supplemental compensation application seeking reimbursement to attend the second trial of the offender who murdered Michael Corrado. On January 3, 2012, the Attorney General issued a finding of fact and decision for the supplemental compensation application. The Attorney General denied the applicants' claim for additional economic loss pursuant to R.C. 2743.191(B)(1), since the award did not equal or exceed $50.00. While R.C. 2743.51(F)(3) provides for lost wages and travel expenses for deceased family members to attend the criminal justice proceedings arising from the criminally injurious conduct, these expenses are capped at $2,000.00 in the aggregate, with each individual family member's expenses not to exceed $500.00. In this case, each family member, with the exception of Benjamin, already incurred the individual maximum. Accordingly, no additional award could be granted since the statutory maximum had already been reached in the first criminal proceeding. With respect to Benjamin, he did incur additional expenses up to and exceeding the $29.85 necessary to reach the statutory maximum. However, since R.C. 2743.191(B)(1) provides no award shall be granted for less than $50.00, his claim was denied.

{¶3} On January 20, 2012, the applicants submitted a request for reconsideration. On January 25, 2012, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On February 6, 2012, the applicants filed a notice of appeal from the January 25, 2012 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissions on May 2, 2012 at 10:00 A.M.

{¶4} Assistant Attorney General Georgia Verlaney appeared on behalf of the State of Ohio, none of the applicants attended the hearing.

{¶5} The Attorney General made a brief statement for the panel's consideration. The Attorney General gave a brief summary of the procedural history of the claim leading up to the appeal. The issue on appeal concerns $29.85 which was not initially awarded

under a decision rendered on November 19, 2009. While each applicant, by statute, is limited to a statutory maximum of $500.00 for lost wages and travel expenses incurred to attend the criminal proceedings concerning the criminally injurious conduct, one applicant, Benjamin Bieszki, did not reach this maximum only incurring $470.15. Accordingly, when the supplemental compensation application was considered and even though expenses exceeded that amount, the Attorney General was precluded from issuing an award pursuant to R.C. 2743.191(B)(1). It is the Attorney General's position that R.C. 2743.191(B)(1) controls the language contained in R.C. 2743.51(F)(3) and prevents an additional award from being granted with respect to that statutory section.

**{¶6}** R.C. 2743.191(B)(1) states:

a. "(B) In making an award of reparations, the attorney general shall render the award against the state. The award shall be accomplished only through the following procedure, and the following procedure may be enforced by writ of mandamus directed to the appropriate official:

b. "(1) The attorney general shall provide for payment of the claimant or providers in the amount of the award only if the amount of the award is fifty dollars or more."

**{¶7}** R.C. 2743.51(F)(3) states:

a. "(3) A family member of a victim who died as a proximate result of criminally injurious conduct may be reimbursed as an allowable expense through the victim's application for wages lost and travel expenses incurred in order to attend criminal justice proceedings arising from the criminally injurious conduct. The cumulative allowable expense for wages lost and travel expenses incurred by a family member to attend criminal justice proceedings shall not exceed five hundred dollars for each

family member of the victim and two thousand dollars in the aggregate for all family members of the victim."

{¶8} From review of the case file and with careful and full consideration given to the argument of the Attorney General, we find the applicant Benjamin Bieszki should be granted an award in the amount of $29.85 which will meet the cumulative award provided in R.C. 2743.51(F)(3).

{¶9} We do not perceive a conflict between statutory provisions R.C. 2743.191(B)(1) and R.C. 2743.51(F)(3). R.C. 2743.51(F)(3) delineates the individual, type, and amount of expense which is compensable under the program and is the basis for an award of reparations. Specifically, one has to qualify as a family member. Family member is defined under R.C. 2743.51(X) as "an individual who is related to a victim by affinity or consanguinity." Benjamin Bieszki met this qualification since he was the father of the decedent. Second, a family member must incur lost wages and travel expenses to attend criminal justice proceedings arising from the criminally injurious conduct. The Attorney General concedes and the claim file reflects that Benjamin has satisfied this requirement. Finally, the statute imposes a limitation on the amount an individual family member may be compensated in the cumulative amount of $500.00. Based upon the initial award granted by the Attorney General and the information contained in the claim file, Benjamin has met or exceeded this amount. There is no limitation contained in R.C. 2743.51(F)(3) which imposes a time limitation or event limitation on when such expenses need to be incurred. Therefore, based upon the evidence contained in the claim file, Benjamin Bieszki incurred $500.00 in allowable compensable economic loss as the result of attending the criminal justice proceeding concerning the criminally injurious conduct. While Benjamin had to attend two separate trial dates to achieve this cumulative award, no language contained in R.C. 2743.51(F)(3) prevents the occurrence.

{¶10} R.C. 2743.191 is a statutory section which the state treasury created a reparations fund and directs how those funds may be expended and for what purpose. R.C. 2743.191(B)(1) details the procedure the Attorney General should follow when funds are expended from the reparations account. Specifically, the provision (B)1 states that: "The attorney general shall provide for payment of the claimant and providers in the amount of the award if the amount of the award is fifty dollars or more."

{¶11} A judge in *In re Shipp*, V2003-40526, V2003-40534, and V2003-40542 jud (3-10-04), clearly found that R.C. 2743.191(B)(1) had no applicability in expanding the class of claimants defined under R.C. 2743.51(A). In that case a funeral director filed a compensation application to receive reimbursement for funeral services he performed to bury a decedent. However, both applicants who incurred the expense were barred pursuant to R.C. 2743.60(E) from receiving an award. The judge held that "[a]lthough R.C. 2743.191(B)(1) authorizes the Attorney General to pay service providers directly, the payments are made for expenses incurred by either a victim or a claimant and are not paid as a benefit for the provider." Accordingly, R.C. 2743.191(B)(1) is procedural in nature and cannot alter the status of who qualifies as a claimant under R.C. 2743.51(A).

{¶12} Furthermore, if the applicant's total award does not equal or exceed $50.00, no award can be granted. *In re A.R.P.,* V2009-40510 (11-12-09); *In re Simpson*, V2010-50825tc (3-9-11), 2011-Ohio-4355. However, if the total award exceeds $50.00, individual checks for less than that amount can be paid to two different providers. *In re Zimmer*, V2003-40186tc (6-17-10), 2010-Ohio-3946, a check in the amount of $33.00 was issued for dental expenses, while one in the amount of $643.95 was issued to Bally's Total Fitness. Consequently, R.C. 2743.191(B)(1) does not impose any limitations on the total amount of the payment simply for total amount of the award. The issue in *Zimmer* was the failure of the Attorney General to issue a check in

the amount of $33.20, however, when the panel determined that expenses incurred at Bally's Total Fitness constituted an allowable expense, there was no problem paying the award even though one payment was less than $50.00.

{¶13} The Attorney General argues in this case that the limitation imposed by R.C. 274.191(B)(1) controls the language contained in R.C. 2743.51(F)(3). A review of the court's data base reveals that this question has not been previously litigated.

{¶14} We reject the Attorney General's argument and find such a holding would directly undermine the clear mandate of the statute. R.C. 2743.51(F)(3) provides that the cumulative allowable expense for lost wages and travel expenses for a family member to attend criminal justice proceedings arising from the criminally injurious conduct cannot exceed $500.00. By using the plural proceedings the legislature contemplated that more than one event might occur. No time limitation was placed upon the filing of these expenses other than R.C. 2743.68 which requires a supplemental compensation application be filed within five years of an award being granted.

{¶15} The Attorney General's reasoning would reduce the amount of the cumulative award to less than $500.00 if the applicant chose to file an initial application for more than $450.00 but less than $500.00. Once the initial award was granted the applicant would be precluded from receiving the statutory maximum due to the operation of R.C. 2743.191(B)(1). The judge in *Shipp* held that R.C. 2743.191(B)(1) cannot expand the class of claimants, but by the same reasoning we find R.C. 2743.191(B)(1) cannot negate the clear language of R.C. 2743.51(F)(3) with respect to a cumulative award. We find the language contained in R.C. 2743.51(F)(3) predominates over the language contained in R.C. 2743.191(B)(1). To hold otherwise would abrogate the will of the legislature to enact meaningful provisions to compensate applicants under the Crime Victims Compensation Act. Accordingly, when the original loss reaches the cumulative

amount established by the legislature, this amount must be paid although it does not strictly comply with the language contained in R.C. 2743.191(B)(1).

{¶16} Therefore, the Attorney General's January 3, 2012 decision is reversed and the applicant Benjamin Bieszki shall be granted an award in the amount of $29.85.

{¶17} IT IS ORDERED THAT

{¶18} The January 3, 2012 decision of the Attorney General is REVERSED;

{¶19} This claim is remanded to the Attorney General for payment of the award in accordance with this order;

{¶20} Costs are assumed by the court of claims victims of crime fund.

_____
E. JOEL WESP
Presiding Commissioner


_____
SUSAN G. SHERIDAN
Commissioner


_____
NECOL RUSSELL-WASHINGTON
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2012\June - Sept 2012\V2012-70041 Corrado.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed on 6-27-12
Jr. Vol. 2283, Pgs. 98-104
Sent to S.C. reporter 10-18-12